**Opinion issued June 28, 2012.**



In The

# Court of Appeals

### For The

# First District of Texas

———————

## NO. 01-12-00066-CR

———————

## JOSHUA QUENTON CURTIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1291899**

---

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement with the State, appellant Joshua

Quenton Curtis pleaded guilty to the felony offense of indecency with a child by

contact.[1] A grand jury returned a true bill of indictment against the appellant for the

---

[1] *See* TEX. PENAL CODE ANN. § 21.11 (West 2011).

felony offense of aggravated sexual assault of a child.[2] The plea-bargain in this case entailed the reduction of the charge to indecency with a child by contact in exchange for appellant's plea to the reduced charge. *See Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003). In accordance with the terms of appellant's plea agreement with the State, the trial court found appellant guilty of indecency with a child by contact. The trial court then sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant has filed a notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). A charge-bargain, like that entered into by the appellant and the State in this case, where the defendant agrees to plead guilty to a lesser or related offense in exchange for the prosecutor dismissing or refraining from bringing another charge, is a plea-bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle*, 119 S.W.3d at 813-14. An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id*. The trial court's certification indicates that the appellant has no right of appeal. *See*

---

[2] *See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

2

TEX. R. APP. P. 25.2(a)(2). The record supports that appellant has no right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

3